Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES ALSINA & WINKLEMAN
One Biscayne Tower, Suite 1776
Miami, FL 33131
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA DUKE, <br>         Plaintiff, <br> vs. <br><br> PRINCESS CRUISE LINES, LTD., a corporation for profit. <br><br>         Defendant. | CASE NO.: <br><br> **PLAINTIFF'S COMPLAINT** <br><br> **AND DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BARBARA DUKE, brings this action individually. This action is brought against Defendant PRINCESS CRUISE LINES, LTD., (hereinafter "PRINCESS"), a for profit corporation, for personal injuries sustained by Plaintiff BARBARA DUKE. Plaintiff, BARBARA DUKE, seeks damages and demands a jury trial on all issues so triable against Defendant PRINCESS.

### Jurisdiction

1.     This action is an action under general maritime law and the laws of

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

California, as applicable.

2.    The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3.    This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4.    Defendants PRINCESS, at all times material hereto, personally or through an agent:

a.    Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b.    Was engaged in substantial activity within this state;

c.    Operated vessels in the waters of this state;

d.    Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

e.    The acts of the Defendant set out in this Complaint occurred in whole

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

2

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

or in part in this state and/or county;

f.      The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

5.      The causes of action asserted in this Complaint arise under General Maritime Law of the United States.

## The Parties

6.      Plaintiff, BARBARA DUKE, was and is a resident of Texas.

7.      At all times material, PRINCESS was and is a for profit corporation with its worldwide headquarters, principal address and principal place of business located in the County of Los Angeles.

8.      At all times material, PRINCESS was and is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports throughout the world including, Los Angeles, California and Fort Lauderdale, Florida.

9.      At all times material, PRINCESS derived substantial revenue from cruises originating and terminating in various ports throughout the world including, Los Angeles, California and Fort Lauderdale, Florida.

10.     At all times material, PRINCESS operated, managed, maintained, supervised, chartered, and/or controlled the large commercial vessel *Caribbean Princess* ("the subject vessel").

11.     At all times material, PRINCESS transported fare-paying passengers on

3

cruises aboard its vessel *Caribbean Princess*.

### General Allegations Common to All Counts

12.   At all times material, the Plaintiff BARBARA DUKE was a fare paying passenger and lawfully aboard the vessel *Caribbean Princess*.

13.   On or about December 8, 2019, the Plaintiff BARBARA DUKE was severely injured when she slipped/tripped and fell on uneven, unsafe and/or hazardous steps located on the midship staircase near the guest services desk.

14.   The hazardous and dangerous condition of the subject steps were not open or obvious, nor were there any warning or precautions provided to the Plaintiff BARBARA DUKE.

15.   As a result of the negligence of Defendant PRINCESS, Plaintiff BARBARA DUKE sustained serious, permanent and debilitating injuries, including but not limiting to, a fractured right ankle.

### COUNT I
### NEGLIGENCE AGAINST DEFENDANT PRINCESS

Plaintiff, BARBARA DUKE, hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 15, and alleges as follows:

16.   At all times material, Defendant PRINCESS through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed the Plaintiff BARBARA DUKE a non-delegable duty to

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Plaintiff's Complaint and Demand for Jury Trial

exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger.

17.     Alternatively, at all material times, Defendant PRINCESS and/or their employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

18.     On or about December 8, 2019, Defendant PRINCESS and/or its agents, servants, joint venturer's and/or employees, breached its duty to provide the Plaintiff BARBARA DUKE with reasonable care under the circumstances, and was negligent and careless by committing the following acts and/or omissions including but not limited to:

a.     Failure to adequately warn the Plaintiff of the dangerous and/or defective condition(s) of the subject step/stairs and the associated risks and/or dangers;

b.     Failure to adequately warn the Plaintiff of the poorly designed condition of the subject step/stairs and the associated risks and/or dangers.

c.     Failure to adequately warn the Plaintiff of tripping/slipping hazard(s) on and/or around the subject step/stairs;

d.     Failure to adequately warn the Plaintiff of the lack of and/or inadequacy of handrails located on and/or around the subject step/stairs and the and the associated risks and/or dangers;

e.     Failure to adequately warn the Plaintiff of the hazard(s) posed to her, due to improper and/or inadequate, maintenance and/or inspection of the subject step/stairs;

f.     Failure to adequately warn passengers and the Plaintiff of other trip/slip and fall accidents previously occurring in same manner, area and/or same flooring surface;

g.     Failure to adequately inspect and maintain the subject step/stairs so that they could be used in a reasonably safe manner and they would be free of dangerous and/or defective condition(s);

h.     Failing to provide the Plaintiff with reasonable care under the circumstances;

i.     Failing to provide the Plaintiff with reasonably safe steps/stairs; and/or

j.     Failing to identify and correct the unreasonably dangerous, defective condition(s) and/or tripping/slipping hazard(s) on the subject step/stairs;

k.     Failing to promulgate and/or enforce adequate policies and procedures aimed at ensuring that the dangerous, defective condition(s) and/or tripping/slipping hazard(s) which caused Plaintiff's incident would be discovered and corrected;

l.     Failure to have a non-trip/slip or non-skid flooring surface on and/or around the subject area;

Plaintiff's Complaint and Demand for Jury Trial

m.  Failing to equip and/or adequately equip the subject stairs with hand rails to assist passengers, including Plaintiff, in descending/ascending the subject stairs;

n.  Failing to promulgate and/or enforce adequate policies and procedures aimed at warning passengers, and Plaintiff in particular, of the unreasonably dangerous, defective condition(s) and/or tripping/slipping hazard(s) that caused Plaintiff's injury;

o.  Failing to adequately design and/or modify the subject step/stairs so as to make them reasonably safe for passengers, including the Plaintiff;

p.  Failing to use reasonably safe materials on the subject step/stairs;

q.  Failure to close off and/or place warning signs on and/or around the unreasonably dangerous, defective area(s) of the subject step/stairs;

r.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around unreasonably dangerous, defective area(s) and/or that such area(s) are closed off;

s.  Failing to promulgate and/or enforce adequate policies and procedures aimed at maintaining the Defendant's vessel in a reasonably safe condition for passengers;

t.  Failing to analyze prior trip/slip-and-fall accidents aboard Defendant's vessels occurring in the same manner and/or area so as to remedy such dangerous and/or hazardous conditions;

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

u.   Failure to correct dangerous and/or hazardous conditions following other trip/slip and fall accidents which occurred in the same area and/or similar areas on Defendant's vessels;

v.   Failure to have and implement adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff; and/or

w.   Other acts or omissions which are revealed through discovery.

19.   At all material times, Defendant PRINCESS had exclusive custody and control of the subject vessel.

20.   At all material times, Defendant PRINCESS negligently failed to determine, eliminate, modify, correct, or warn the Plaintiff BARBARA DUKE of the dangerous and hazardous condition which resulted in her injuries. Defendant PRINCESS violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or failed to properly implement the Safety Management System Manual aboard the vessel.  All of which caused the Plaintiff BARBARA DUKE to be injured.

21.   Defendant PRINCESS knew of the foregoing conditions causing Plaintiff BARBARA DUKE' S accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant PRINCESS in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

22.     As a result of the negligence of Defendant PRINCESS, the Plaintiff BARBARA DUKE was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff BARBARA DUKE'S injuries and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff BARBARA DUKE will suffer the losses and impairments in the future. In addition, Plaintiff BARBARA DUKE lost the benefit of his vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff BARBARA DUKE demands judgment for all damages recoverable under the law against the Defendant PRINCESS and demands trial by jury.

## Prayer for Relief

WHEREFORE, the Plaintiff BARBARA DUKE respectfully request the Court enter judgment in her favor and against the Defendant PRINCESS as follow:

1.     To enter judgment in favor of the Plaintiff against Defendant PRINCESS on all causes of action as alleged herein;

2.     To award compensatory damages in the amount to be ascertained at trial;

3.     To award statutory attorney's fees and costs as permitted by law;

4.     For prejudgment interest according to proof; and

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

5.     To enter such other and further relief as the Court deems just under the circumstances.

LIPCON MARGULIES ALSINA & WINKLEMAN

DATED:   November 13, 2020

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

## **Demand for Jury Trial**

Plaintiff BARBARA DUKE hereby demands a trial by jury on all claims for relief.

LIPCON MARGULIES ALSINA & WINKLEMAN

DATED:   November 13, 2020

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*